UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOYCE L. ELLIOT,

    Plaintiff,

  v.

THOMAS W. HARKER, Acting Secretary of
Department of the Navy,

    Defendant.

Case No. 21-cv-560-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Joyce L. Elliot's motions for leave to proceed *in forma pauperis* (Doc. 3), for recruitment of counsel (Doc. 4), and for service of process at Government expense (Doc. 5). Elliot asserts in this case that she was employed by the U.S. Department of the Navy and was discriminated against on the basis of race and age when she was forced to retire.

### I. *In Forma Pauperis* Status and Service

A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious or fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing a petition to proceed *in forma pauperis*, a district court should inquire

into the merits of the plaintiff's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982).

The Court is satisfied from Elliott's affidavit that she is indigent. The Court further finds that nothing in the record suggesting this action is clearly frivolous or malicious or fails to state a claim. Accordingly, the Court **GRANTS** the motion for leave to proceed *in forma pauperis* (Doc. 3).

The plaintiff having been granted leave to proceed *in forma pauperis*, the Court must order service of process by a United States Marshal or Deputy Marshal or other specially appointed person. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d). The Court therefore **GRANTS** the motion for service of process at Government expense (Doc. 5).

If the plaintiff wishes the United States Marshals Service to serve process in this case, the Court **DIRECTS** the plaintiff to provide to the United States Marshals Service the summons issued in this case, the appropriately completed USM-285 forms and sufficient copies of the complaint for service. The Court **DIRECTS** the Clerk of Court to send the plaintiff a sufficient number of blank summons forms and USM-285 forms along with this order.

The Court further **DIRECTS** the United States Marshal, upon receipt of the aforementioned documents from the plaintiff and pursuant to Federal Rule of Civil Procedure 4(c)(3), to serve a copy of the summons, complaint, and this order upon the defendant in any manner consistent with Federal Rule of Civil Procedure 4, as directed by the plaintiff. Costs of service shall be borne by the United States.

## II.     Counsel

Whether to assign an attorney to represent an indigent civil litigant is within the sound discretion of the district court. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Jackson v. Cty.*

*of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). There is absolutely no right to appointment of counsel in a civil case. *Pruitt*, 503 F.3d at 656-57. Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request the assistance of counsel in an appropriate civil case where a litigant is proceeding *in forma pauperis*. *Mallard v. U.S. Dist. Court*, 490 U.S. 296 (1989); *Pruitt*, 503 F.3d at 649. Local Rule 83.1(i) obligates members of the bar of this Court to accept assignments, provided an assignment is not made more than once during a 12-month period.

In deciding the request for counsel, the Court should ask (1) whether the indigent plaintiff has made a reasonable attempt to obtain counsel or has been effectively precluded from doing so and (2) whether, given the difficulty of the case, the plaintiff appears at that time to be competent to litigate it herself. *Pruitt*, 503 F.3d at 654-55 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). "[T]he question is whether the difficulty of the case—factually and legally— exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* at 655. In making this inquiry, courts usually consider factors such as the plaintiff's literacy, communication skills, educational level, litigation experience, intellectual capacity and psychological history. *Id.*

Plaintiff has not demonstrated that she has made reasonable attempts to retain counsel or that she has been effectively precluded from making a diligent effort in this regard. Although she claims in vague assertions that she has made calls, left messages, and been given the run-around, adequately demonstrating a diligent search in this type of case requires more. Specifically, the plaintiff should locate lawyers that specialize in plaintiffs' employment discrimination cases and document her attempts to ask for their representation, including the names of the attorneys or law firms, the method of contacting them, and their responses. Plaintiffs' employment discrimination lawyers often take cases on a contingency fee basis, so the

cost of retaining such a lawyer should not be prohibitive. Once Elliott makes and documents reasonable efforts to retain counsel on her own, the Court would entertain another motion for recruitment of counsel if her efforts are unsuccessful. Until then, the Court **DENIES** the motion for recruitment of counsel **without prejudice** to another motion making the appropriate showing (Doc. 4).

**IT IS SO ORDERED.**
**DATED: June 24, 2021**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**