UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOYCE L. ELLIOTT,

    Plaintiff,

  v.                                                         Case No. 21-cv-560-JPG

CARLOS DEL TORO, Secretary of the Navy,[1]

    Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Joyce L. Elliott's second motions for recruitment of counsel (Doc. 12). Elliott asserts in this case that she was employed by the U.S. Department of the Navy and was discriminated against on the basis of race and age when she was forced to retire.

Whether to assign an attorney to represent an indigent civil litigant is within the sound discretion of the district court. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Jackson v. Cty. of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). There is absolutely no right to appointment of counsel in a civil case. *Pruitt*, 503 F.3d at 656-57. Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request the assistance of counsel in an appropriate civil case where a litigant is proceeding *in forma pauperis*. *Mallard v. U.S. Dist. Court*, 490 U.S. 296 (1989); *Pruitt*, 503 F.3d at 649. Local Rule 83.1(i) obligates members of the bar of this Court to accept assignments, provided an assignment is not made more than once during a 12-month period.

In deciding the request for counsel, the Court should ask (1) whether the indigent plaintiff has made a reasonable attempt to obtain counsel or has been effectively precluded from doing so

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), current Secretary Carlos Del Toro has been automatically substituted as the defendant for past Acting Secretary Thomas Harker.

and (2) whether, given the difficulty of the case, the plaintiff appears at that time to be competent to litigate it herself.  *Pruitt*, 503 F.3d at 654-55 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)).  "[T]he question is whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."  *Id.* at 655.  In making this inquiry, courts usually consider factors such as the plaintiff's literacy, communication skills, educational level, litigation experience, intellectual capacity and psychological history.  *Id.*

      The Court denied the plaintiff's first motion for recruitment of counsel (Doc. 4) because she had not demonstrated that she had made reasonable attempts to retain counsel or that she had been effectively precluded from making a diligent effort in this regard.  Instead, she had made only vague allegations about a search.  The Court suggested she locate lawyers that specialize in plaintiffs' employment discrimination cases and document her attempts to ask for their representation, including the names of the attorneys or law firms, the method of contacting them, and their responses.  The Court indicated that if those diligent and documented efforts failed, it would entertain another motion for recruitment of counsel.  Such a motion is now before the Court.

      Elliott has submitted her notes indicating who she contacted and their respective responses.  It appears she has been unsuccessful in obtaining representation.  However, most, if not all, of her efforts have been directed at nationwide legal referral services that would not put her in contact with a lawyer until she paid a huge fee or gave her credit card information.  This may not have been the most effective way of searching for a lawyer.  The Court believes a much more effective method would involve using the referral references of the Illinois State Bar Association ("ISBA") (https://www.isba.org/public/illinoislawyerfinder) or of other reputable

state and local organizations.  In fact, the ISBA has a guide to hiring a lawyer (https://www.isba.org/public/guide/hiringalawyer).  Elliott would likely benefit from consulting this guide.

The Court again **DENIES without prejudice** Elliott's motion (Doc. 12) with leave to refile with documented efforts of further searches for counsel using the referral resources of the ISBA or other reputable state or local organizations.

**IT IS SO ORDERED.**
**DATED:  September 2, 2021**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
