UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOYCE L. ELLIOTT,

    Plaintiff,

  v.

CARLOS DEL TORO, Secretary of the Navy,[1]

    Defendant.

Case No. 21-cv-560-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Joyce L. Elliott's third motions for recruitment of counsel (Doc. 12). Elliott asserts in this case that she was employed by the U.S. Department of the Navy and was discriminated against on the basis of race and age when she was forced to retire.

**I.    Recruitment of Counsel**

Whether to assign an attorney to represent an indigent civil litigant is within the sound discretion of the district court. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Jackson v. Cty. of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). There is absolutely no right to appointment of counsel in a civil case. *Pruitt*, 503 F.3d at 656-57. Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request the assistance of counsel in an appropriate civil case where a litigant is proceeding *in forma pauperis*. *Mallard v. U.S. Dist. Court*, 490 U.S. 296 (1989); *Pruitt*, 503 F.3d at 649. Local Rule 83.1(i) obligates members of the bar of this Court to accept assignments, provided an assignment is not made more than once during a 12-month period.

In deciding the request for counsel, the Court should ask (1) whether the indigent plaintiff

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), current Secretary Carlos Del Toro has been automatically substituted as the defendant for past Acting Secretary Thomas Harker.

has made a reasonable attempt to obtain counsel or has been effectively precluded from doing so and (2) whether, given the difficulty of the case, the plaintiff appears at that time to be competent to litigate it herself.  *Pruitt*, 503 F.3d at 654-55 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)).  "[T]he question is whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* at 655.  In making this inquiry, courts usually consider factors such as the plaintiff's literacy, communication skills, educational level, litigation experience, intellectual capacity and psychological history.  *Id.*

The Court denied the plaintiff's first and second motions for recruitment of counsel (Docs. 4 & 12) because she had not shown she had made reasonable attempts to retain counsel or that she had been effectively precluded from making a diligent effort in this regard.  In an October 7, 2021, telephone conference on her third motion, the Court noted that it appeared Elliott was having difficulties navigating the referral references of the Illinois State Bar Association ("ISBA") (https://www.isba.org/public/illinoislawyerfinder), which would be more likely to yield positive results than the places she had been looking for counsel.  The Court suggested Elliott consult Land of Lincoln Legal for assistance in using the ISBA referral references, and it set a telephone status conference for December 8, 2021, to follow up on her progress.

No counsel has entered an appearance for Elliott.  Additionally, Elliott failed to call in to the telephone status conference, which is inconsistent with making reasonable efforts to locate counsel or to prosecute this case.  Accordingly, the Court **DENIES** Elliott's third motion for recruitment of counsel (Doc. 15).

## II.     Service of Process

The Court further addresses a service issue.  On June 24, 2021, the Court granted Elliott leave to proceed *in forma pauperis* (Doc. 3) and ordered service of process to be accomplished on her behalf by a United States Marshal or Deputy Marshal or other specially appointed person (Doc. 8).  Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).  The Court directed that, if Elliott wished the United States Marshals Service to serve process in this case, she provide to the United States Marshals Service the summons issued in this case, the appropriately completed USM-285 forms and sufficient copies of the complaint for service.  It then directed the United States Marshal to serve the defendant.

It appears service has been accomplished on the Secretary of the Navy (Doc. 13), but not on the United States Attorney for the Southern District of Illinois or the Attorney General of the United States, as required by Federal Rule of Civil Procedure (i)(1) and (2).

In order to ensure the defendant is properly served, if Elliott wishes the United States Marshals Service to complete service on the defendant, she must provide the United States Marshals Service with the summons issued in this case, the appropriately completed USM-285 forms and sufficient copies of the complaint for service.  The Court **DIRECTS** the Clerk of Court to send Elliott two additional copies of the summons issued at Document 11 and two blank USM-285 forms along with this order.

The Court further **DIRECTS** the United States Marshal, upon receipt of the aforementioned documents from the plaintiff and pursuant to Federal Rule of Civil Procedure 4(c)(3), to serve a copy of the summons, complaint, and this order upon the United States Attorney for the Southern District of Illinois and the Attorney General of the United States in any manner consistent with Federal Rule of Civil Procedure 4(i), as directed by the plaintiff.  Costs

of service shall be borne by the United States.

Pursuant to Federal Rule of Civil Procedure 4(m), the Court further **ORDERS** that the time for service shall be extended to 30 days from entry of this order.  If service is not completed by this deadline, either by the United States Marshal Service or some other means, the Court may dismiss this case without prejudice for failure to timely serve process on the defendant.

**IT IS SO ORDERED.**
**DATED:  December 8, 2021**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**