UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOYCE L. ELLIOTT,

      Plaintiff,

    v.

CARLOS DEL TORO, Secretary of the Navy,

      Defendant.

Case No. 21-cv-560-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion for summary judgment filed by defendant Carlos Del Toro, Secretary of the Navy ("Secretary") (Doc. 23), as well as the Court's order for plaintiff Joyce L. Elliott to show cause why the Court should not construe her failure to timely respond to that motion as an admission of the merits of the motion (Doc. 33). The Court also considers the Secretary's motion to stay discovery and mediation referral (Doc. 35).

Elliott timely responded to the order to show cause (Doc. 34), but her response addressed her lack of counsel rather than the absence of a response to the Secretary's motion for summary judgment. Despite Elliott's failure to explain why the Court should not grant the Secretary's motion, the Court's review of her administrative complaints shows that the Secretary has not carried his burden on summary judgment.

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520

F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396.  The initial summary judgment burden of

production is on the moving party to show the Court that there is no reason to have a trial.

*Celotex*, 477 U.S. at 323; *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013).  Where the

moving party fails to meet its strict burden, a court cannot enter summary judgment for the

moving party even if the opposing party fails to present relevant evidence in response to the

motion.  *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).

      In this case, Elliott complains that, while she was a civilian employee of the U.S.

Department of the Navy, she was discriminated against on the basis of race and age when she

was forced to retire on April 26, 2018.  She filed two formal administrative complaints, one on

April 28, 2018, and one on June 21, 2018.  The Secretary argues that Elliott failed to exhaust her

administrative remedies for the claims in this lawsuit because those administrative complaints

did not complain of her termination.

      The statutes under which Elliott is suing, Title VII of the Civil Rights Act and the Age

Discrimination in Employment Act ("ADEA"), require a plaintiff to present her claims to the

EEOC before filing a federal lawsuit.  42 U.S.C. § 2000e-5(b) & (e)(1) (Title VII); 29 U.S.C.

§ 626(d) (ADEA).  Exhaustion of administrative remedies is a precondition to suit.  *Fort Bend

Cnty., Texas v. Davis*, 139 S. Ct. 1843, 1846 (2019).  A plaintiff may sue only on claims included

in the charge or those that are "reasonably related to the charges actually set forth in the

administrative filing."  *Delgado v. Merit Sys. Prot. Bd.*, 880 F.3d 913, 926 (7th Cir. 2018)

(internal quotations omitted).  Claims are "reasonably related" if "the current claim reasonably

could have developed from the EEOC's investigation of the charges before it, meaning that the

EEOC charge and the complaint must describe the same conduct and implicate the same

individuals."  *Id.* (internal quotations omitted).  If the claims are reasonably related, the employer

will have had fair warning of the claims against it and a fair chance to settle the dispute during the administrative proceedings. *Haugerud v. Amery School Dist.,* 259 F.3d 678, 689 (7th Cir. 2001); *see Geldon v. S. Milwaukee Sch. Dist.*, 414 F.3d 817, 819 (7th Cir. 2005).

The Secretary has asked for summary judgment on the grounds that Elliott's administrative charges, while they complained of numerous actions, did not complain about termination of her employment, the gravamen of her lawsuit. The Court's review, however, reveals that her termination was either mentioned or was reasonably related enough to the conduct she did mention that the Secretary had fair warning of her wrongful termination claim and a fair chance to settle it during the administrative proceedings.

In Elliott's April 28, 2018, formal complaint, she claimed sex and age discrimination, a hostile work environment, and reprisal (which in other contexts is called retaliation) for a January 19, 2018, initial complaint. In that formal complaint, she incorporated the grievances she listed in the January 19, 2018, informal complaint—prior interactions with her supervisor that resulted in her illness, implementation of a performance improvement plan ("PIP"), threats of disciplinary action, and a "Memorandum of Counseling" (Doc. 25-1 at 9). In the April 28 formal complaint, Elliott sought a number of remedies, including reimbursement of money she lost because of her "forced retirement," which implies she viewed that as part of the damages she suffered as a result of the alleged discrimination (Doc. 25-1 at 10). The final decision denying Elliott's formal complaint was issued on January 23, 2019.

In Elliott's June 21, 2018, formal complaint for race discrimination, color discrimination and reprisal, she explicitly references her job loss. She claims that the mistreatment described in her earlier formal complaint was "manipulated and designed to remove me from my job," and that the PIP was "put in place to have me removed before [her commanding officer] left his

position. . . ." (Doc. 25-1 at 38).  Again, the corrective action she sought was a remedy for her

"forced early retirement"—losses "due to having to retire early in order to keep my retirement

benefits" (Doc. 25-1 at 39).  The final decision denying Elliott's formal complaint was issued on

October 12, 2018.

The agency's investigation of Elliott's alleged pre-retirement mistreatment contained in

her formal complaints could easily have led into an investigation of her termination.  After all,

Elliott asserted that the mistreatment was undertaken with the intent to force her from her

position, and it appears that she did, in fact, retire after it became clear she would be terminated

following the misconduct she grieved.  The claim in this lawsuit for wrongful termination is

"reasonably related" enough to the claims in Elliott's formal complaints for the Court to find that

those administrative complaints adequately presented the termination issue.  The Secretary has

not carried his burden on summary judgment.  Accordingly, the Court will deny the Secretary's

motion for summary judgment.

The Court now turns to Elliott's response to the show cause order.  Elliott asks for

additional time to collect documents in support of her request for counsel.  But Elliott has had

ample time to do so since she filed this case more than a year ago.  She has also delayed the

progress of this case by failing to timely return the notice of consent/non-consent to Magistrate

Judge jurisdiction as directed in June 2021 (Docs. 7 & 9), failing to expeditiously return

sufficient forms for service of process as directed in July 2021 (Docs. 8 & 19), failing to appear

at a telephone status conference in December 2021 (Doc. 18), and failing to respond to the

Secretary's motion for summary judgment (Doc. 33).  The Court will not tolerate any other

unnecessary delays caused by Elliott.  Elliott may continue to look for counsel, but in the

meantime she must proceed *pro se*, and if she is not prepared to do so, she may ask the Court to

dismiss her case.  Any further unnecessary delays may result in dismissal of this case for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b) and the Court's inherent authority to manage its docket.  *See In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995).

Proceeding *pro se* means she should respond in a timely manner when the Secretary files a motion or seeks discovery, and she must work with the Secretary to agree on a proposed Scheduling and Discovery Order.  The Court extends the deadline for submission of such a proposed order until October 7, 2022.  The Court further finds this case is exempt from the Mandatory Mediation Program pursuant to § 2.1(A)(2) of the Mandatory Mediation Plan and will accordingly vacate the August 16, 2022, order referring this case to that program (Doc. 31).

For the foregoing reasons, the Court:

- **DENIES** the Secretary's motion for summary judgment (Doc. 25);

- **DISCHARGES** the August 17, 2022, order to show cause (Doc. 33);

- **VACATES** the August 16, 2022, order of referral to the Mandatory Mediation Plan (Doc. 31);

- **DENIES as moot** the Secretary's motion to stay discovery and mediation referral in light of this order (Doc. 35);

- **ORDERS** that the deadline for submitting a Joint Report regarding Proposed Scheduling and Discovery Order is extended to October 7, 2022; and

- **WARNS** Elliott that any further unnecessary delays of the proceedings in this case may result in dismissal of this case for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b) and the Court's inherent authority to manage its docket.  *See In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995).

**IT IS SO ORDERED.**
**DATED:  September 13, 2022**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**